UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action 16-40-HRW

OWNERS INSURANCE COMPANY,                                          PLAINTIFF,


v.                    <u>MEMORANDUM OPINION AND ORDER</u>


FRONTIER HOUSING, INC.,
STEPHEN BURTON and PAMELA BURTON,                       DEFENDANTS.


        This matter is before the Court upon Defendant Frontier Housing, Inc.'s Motion To

Dismiss [Docket No 8].   The motion has been fully briefed by the parties [Docket Nos. 10, 11

and 12] and for the reasons stated herein, the Court finds that this matter is not subject to

dismissal.

                                            I.

        This case arises from a construction contract between Defendants Frontier Housing, Inc.

("Frontier") and Stephen and Pamela Burton ("The Burtons") for the construction of their home

in West Liberty, Kentucky.   The original contract set the price of constriction around $200,000.

However, a result of alleged change orders and upgrades, the legitimacy of which are hotly

contested by the Burtons, the ultimate price of the construction was upwards of $400,000.

According to Frontier, the Burtons owe it $250,000.   According to the Burtons, they owe

Frontier about $17,000.   The matter resulted in litigation, to-wit, Frontier filed a mechanics lien

against the Burton's property as well as a Complaint in Morgan Circuit Court, styled *Frontier

Housing Inc., v. Stephen Burton and Pamela Burton*, Commonwealth of Kentucky, Morgan

Circuit Court, Civil Action No. 15-CI- 0062.   In response to the Complaint filed against them, the Burtons asserted a counterclaim against Frontier.   In addition to the injunctive relief, the Burtons seek damages for fraud, violations of the Kentucky Consumer Protection Act, breach of contract, tortious breach of contract, intentional and/or negligent misrepresentation, intentional and/or negligent infliction of emotional distress, abuse of process, and slander of title, as well as punitive damages in  conjunction with their claims.  The counterclaim does not specify a dollar amount in damages.

Owners Insurance Company ("Owners") issued a policy of general liability insurance Policy No. 52454382, ("Policy") to Frontier.  Pursuant to that policy, Owners instigated this declaratory judgment  action, seeking  a judicial determination as to whether it owes a duty of defense or indemnity to Frontier for the Burtons counterclaim.

Frontier argues that this action must be dismissed because this Court lacks jurisdiction. Specifically, Frontier contends that this matter does not involve an amount in controversy sufficient to establish federal subject matter jurisdiction.

## II.

Federal courts are courts of limited jurisdiction.   Subject matter jurisdiction in federal court may be based upon either the assertion of a federal cause of action or a creature known as "diversity jurisdiction."   Setting forth the requirements of diversity jurisdiction, 28 U.S.C. § 1332  provides that federal jurisdiction may be based upon the fact the parties are from different states, but only if the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

In this case, there is no dispute as to the diversity of citizenship of the parties.   Frontier's urging of dismissal for lack of jurisdiction, rests solely upon its argument that the amount in

2

controversy does not meet the jurisdiction threshold of $75,000.   Frontier maintains that the amount in controversy in this instance is bourne of the Burton's counterclaim, which, in its estimation, simply does not add up to $75,000.

The Court agrees that it is the counterclaim which is the touchstone of this case.  In its Complaint,  Owners states quite plainly that it seeks a declaratory judgement with regard to its obligation to defend and/or indemnify Frontier with regard to the claims alleged by the Burtons.  However, the amount in controversy is not as apparent as Frontier suggests.

Difference of opinion as to the amount in controversy in Kentucky often arise in light of Kentucky Rule of Civil Procedure 8.01 prohibiting *ad damnum* clauses which states:

> In any action for unliquidated damages the prayer for damages in
> any pleading shall not recite any sum as alleged damages other than
> an allegation that damages are in excess of any minimum dollar
> amount necessary to establish the jurisdiction of the court . . . .

C.R. 8.01.

The Burton's counterclaim is silent as to a dollar amount, which begs the question of how to measure the amount in controversy.  Further complicating the issue is the fact that this a declaratory judgment action, asking not whether the insurance policy issued by Owners to Frontier in valid, but, rather, tasking this  Court to determine the applicability of a policy of insurance to a particular occurrence, in this case, Frontier's alleged misdeeds against the Burtons, as set forth in the counterclaim.  A sticky wicket, indeed.

A similar situation was brought before the Court in *Grange Mutual Casualty Co. V. Safeco Insurance Co. Of America*, 565 F.Supp. 2d 779 (E.D. Ky. 2008).  In that case, an auto liability insurer for a vehicle owner, Grange Mutual, sought a declaratory judgment seeking a

3

determination that it had no duty to defend or indemnify the driver of the insured vehicle in an underlying lawsuit alleging that the driver's negligence while operating the insured vehicle caused an accident. The uninsured and underisured insurer for the victim of the accident, Safeco, filed a motion to dismiss the case for lack of jurisdiction.

In that regard, in its original Complaint, Grange Mutual indicated that the limits of its policy were $50,000 of property damage per accident, $50,000 for bodily injury per person, and $100,000 per accident. It subsequently amended these figures and stated that the limits of the policy are $100,000 for property damage, $100,000 for bodily injury, and $300,000 per accident. *Id.* at 784. Grange, however, did not argue that the Plaintiff in the underlying state case seeks the policy limits. Safeco, on the other hand, submitted an affidavit from the Plaintiff in the underlying state case stating that his damages do not exceed $75,000. *Id.* District Court Judge Amul Thapar concluded that the requisite amount in controversy existed. He reasoned:

> The fact that the underlying claim is not sufficient for this Court's jurisdiction is not fatal because the value of the rights Grange Mutual seeks to protect extend beyond merely the value of the underlying litigation. Grange Mutual seeks a declaration of its rights under an insurance liability policy that provides both for coverage *and* defense.

*Id.*

Judge Thapar further noted:

> Thus, the extent of damage Grange Mutual might suffer—its potential loss—is not limited to the value of the state court claim; it also includes the costs it would incur in representing [Damron] in the state court action. Consequently, Safeco has failed to show a legal certainty that Grange Mutual's original claim could not meet the jurisdictional minimum. **Indeed, it seems that when you combine the underlying damages and the cost of defense, it very well could.**

*Id.* (emphasis added).

The same rational applies here. The onus is on Frontier to show that what is at stake for Owners is less than $75,000. *See generally, Gafford v. General Electric Co.*, 997 F.2d 150 (6th Cir. 1993). Frontier has not demonstrated that the damages for the claims alleged in the counterclaim combined with the cost of defending Frontier is less than $75,000. As Judge Thapar mused, it very well could exceed the jurisdictional minimum.

## III.

The Court finds that the requirements for diversity have been met and it may properly assert jurisdiction over this case. Accordingly, **IT IS HEREBY ORDERED** that Defendant Frontier Housing, Inc.'s Motion To Dismiss [Docket No 8] be **OVERRULED**.

This ___21st___ day of March, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

5